June, 1840.

Parker
v.
Baker and
others.

---

## PARKER *vs.* BAKER and others.

An affidavit purporting to be sworn to, before an officer, not known to the law as an officer authorised to take affidavits, cannot be read in this court.

The Revised Statutes in relation to the appointment of commissioners of deeds for cities, are not applicable to commissioners of deeds for the city of Buffalo, which was incorporated after the passage of the Revised Statutes.

The charter of the city of Buffalo not providing for the appointment of commissioner of deeds for such city, any appointment of commissioners for such city is irregular, and an affidavit sworn to before such commissioner cannot be read in any court of justice.

*Edward Norton*, for complainant.

*E. & N. Ford*, for defendants.

THE VICE CHANCELLOR. This was a motion to dismiss the bill for want of prosecution, founded upon an affidavit, sworn to before D. C. Bailey, commissioner of deeds for the city of Buffalo. Upon the bringing on of the motion, it was objected that the affidavit upon which it was founded could not be read, inasmuch as it was not taken before a proper officer. The objection was reserved for examination.

I had some doubt whether the objection could be properly raised in this collateral way, but it seems by 2 Wendell Rep. 250, and 4 Paige, 548, and various other cases that similar objections have been raised and passed upon in connection with motions like the present. I assume, therefore, that it is my duty to look into the objection and decide upon it. I do it the more readily inasmuch as the facts in relation to the commissioner who took the affidavit, was all conceded and agreed upon on the argument, and the counsel on both sides deemed it desirable that the legal question presented by such facts should be decided.

The office of commissioner of deeds is entirely the creature of the statute. Its creation, its powers, its duties, its compensation, and its term is wholly the work of the legislature. The first provision is in 1 Revised Statutes, new ed. page 88, where it is provided that "not less than two, nor more than four commissioners for each town should be appointed, and so many commissioners for each of the cities in this state as shall from time to time be determined in the manner herein after provided." *The manner* is provided for in the same volume of the statutes, page 92, sec. 2, in which it is provided that "the

common council of each of the cities in this state, except the city of New York, on or before the first day of January, 1830, and once at the end of every two years thereafter, shall, by resolution of the board, determine and limit the number of commissioners of deeds and notaries public to be next appointed in and for their respective cities."

And the same legislature directs, same volume of the statutes, page 98, sec. 15, that commissioners of deeds in the several cities of this state, shall be nominated by the governor and appointed by him with the consent of the senate.

This legislation was all had, and these provisions were all made part of our laws, previous to 1830, and previous to the incorporation of the city of Buffalo.

There can be no doubt that these several provisions were applicable to the cities of this state, which were in existence as cities, at the time these laws were passed. Thus the common councils of Albany, Troy, Schenectada, Hudson, &c. could, by resolution passed, on or before the 1st. day of January, 1830, determine the number of commissioners of deeds in each of their respective cities, and after having been so determined, the governor could rightfully, with the consent of the senate, appoint. This legislative provision so far enlarged the powers of the common councils of the several cities then in existence, conferring upon them new powers, and new duties. But will this provision extend to cities thereafter incorporated? Corporations are the creatures of legislation. They have no powers except what are conferred upon them by their charter. Their charters are the breath of their existence, they are

what give them life, and they must live and act according to the rule laid down for them in those creative instruments, and other rules laid down by the power which created them. The grant of power, too, by such acts is liable and subjected to a strict construction. Nothing can be taken by intendment except it be a fair and reasonable intendment, obviously flowing and resulting from the grant as a necessary and legal inference. Hence I apprehend the provisions of the statute above quoted, (sec. 2, page 92,) cannot be deemed to be applicable to cities incorporated after the passage of that law. This view of the case is strengthened by the fact that the section above mentioned requires the common council to make their determination on or before January 1, 1830. This provision could not be applicable to cities incorporated after that time. The city of Buffalo was incorporated April 20, 1832. (Session Laws, 1832, page 297.) The act of incorporation, and various acts amendatory thereof confer, certain specific powers, and provide for the appointment of certain officers. But none of these acts, neither the act of incorporation, nor any act amending it, confer any power for the appointment of commissioner of deeds for the city. If any of these acts had provided for such an office, without providing for the mode of appointment, I can hardly doubt that an appointment by the governor and senate, under the 15 Sec. 98 page, above quoted, would have been competent. But the difficulty is, that there is no where a provision made for any such office as commissioner of deeds for the city of Buffalo, and until such provision is made by the legislature, no such office can exist. Why, then, was not such provision made, it is not

June, 1840.

Parker
v.
Baker and
others.

my province to enquire. Provision has been made for this office, in other cities, at least in the city of Rochester, whether it was an oversight or intentional, I cannot of course take it upon me to determine. I can see that by law the mayor is authorised to acknowledge deeds. I can see by the laws that there was a Supreme Court commissioner in that city with the same powers. I can see that a recorder has been subsequently authorised with the same powers. I can suppose that there were commissioners of deeds for the town of Buffalo, who had power to act. I can suppose that there were county judges residing in Buffalo, who had this power, but I cannot know whether any or all of these reasons prevented the power being given for the appointment of a new officer, and the creation of a new office, " A Commissioner of Deeds for the city of Buffalo." I only know that such power is not given by any law, and that no such office has been created by the legislature, and until such office is created by the legislature, no person can rightfully discharge its duties, however appointed. For this reason the affidavits on the part of the defendants cannot be read, and consequently the motion must be denied. But as this is a new question, and the defendants would otherwise be regular, it must be denied without costs to either party. (*a*)

(*a*) It is perhaps not stated with sufficient clearness in the above opinion, the true reason why the affidavits were rejected.

It was, that in fact there was no such office as commissioner of deeds of the city of Buffalo, recognised by or known to the law. It does not, therefore, raise the question, so much mooted as to what constitutes officers, *de facto*. The question presented involves the whole question in relation to the office of commissioner of deeds for the city of Buffalo, and that is the question intended to be decided. An appeal was taken to the Chancellor, and he refused to hear the question argued upon the ground that the jurat was *prima facie* sufficient, and that he could not, upon such motion, look into it or enquire as to the

June, 1840.

powers of the officer. This may be true as to any known office, but it certainly cannot be as to an office unknown to the law. A *quo warranto* was afterwards sued out from the Supreme Court, against those officers, and that court decided upon such writ, that the persons so appointed was not properly appointed, thus substantially affirming the opinion of the Vice Chancellor. A bill was introduced at the present session of the legislature, for the appointment of commissioners of deeds for the city of Buffalo, and it is presumed it will become a law,